Appellant Howard Osborne timely appeals the decision of the Summit County Court of Common Pleas which adjudicated him a sexual predator. We affirm.
 I.
On August 9, 1994, the Summit County Grand Jury indicted Osborne on two counts of rape of a minor less than thirteen years old, an aggravated felony of the first degree, in violation of R.C. 2907.02(A)(1)(b). The Grand Jury also indicted him on two counts of felonious sexual penetration against a minor less than thirteen years old, also an aggravated felony of the first degree, in violation of R.C. 2907.12(A)(1)(b). The victims were Osborne's two daughters, who were between seven and fifteen years old at the time the offenses occurred. These assaults had occurred at various times over the previous fourteen years.
Initially appellant pled not guilty, but on October 12, 1994, Osborne agreed to plead guilty to the two felonious sexual penetration charges. As a result of the plea bargain, the two rape charges were dropped. He was sentenced to an indeterminate term of five to twenty-five years in prison for each charge, to run concurrently. While Osborne was serving his term, the trial court conducted a hearing pursuant to R.C. 2950.09(C), to determine whether Osborne was a sexual predator.
A sexual predator, as defined by R.C. 2950.01(E), is a person who has "been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Under the statute, after his release from prison and for the rest of his life, an individual adjudged a sexual predator must register periodically with local law enforcement officials to advise them of his current address. R.C. 2950.07(B)(1).
After the hearing the court adjudicated Osborne a sexual predator, finding that there was clear and convincing evidence that he was likely to reoffend. Osborne filed the instant appeal, asserting four assignments of error.
 II.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FINDING THAT OHIO REVISED CODE SEC. 2950.09(C) DID NOT VIOLATE THE PROHIBITION AGAINST EX POST FACTO LAWS AS CONTAINED IN ART. I, SEC. 10 OF THE UNITED STATES CONSTITUTION AND/OR THE STATE OF OHIO'S PROHIBITION AGAINST RETROACTIVE LAWS AS CONTAINED IN ART. II, SEC. 28 OF THE OHIO CONSTITUTION, AS APPLIED TO THOSE CONVICTED OF CERTAIN OFFENSES PRIOR TO ITS ENACTMENT.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN FINDING THAT OHIO REV. CODE SEC. 2950.09 DID NOT PROVIDE ADDITIONAL PENALTIES FOR THOSE CONVICTED OF CERTAIN OFFENSES PRIOR TO ITS ENACTMENT THEREBY VIOLATING PROHIBITIONS AGAINST DOUBLE JEOPARDY AS PROVIDED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION; ART. I, SEC. 10 OF THE UNITED STATES CONSTITUTION; ART. I, SEC. 10
OF THE OHIO CONSTITUTION; AND OHIO REV. CODE SEC. 2943.09
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY REFUSING TO FIND THAT OHIO REV. CODE SEC. 2950.09 WAS UNCONSTITUTIONALLY VAGUE ON ITS FACE AND AS APPLIED AND A VIOLATION OF FUNDAMENTAL NOTIONS OF DUE PROCESS.
This Court has addressed the issue of the constitutionality of R.C. 2950.09(C), as it applies to persons convicted and sentenced prior to the effective date of the statute, January 1, 1997. We have held that the registration imposed by this section is not punishment. State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported at 4. Therefore R.C. 2950.09(C) does not violate the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported at 5-12. For the same reason these provisions do not violate prohibitions against double jeopardy. State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported at 2-3.
Finally, this Court has held that R.C. 2950.09 is not unconstitutionally vague nor does it violate the constitutional protections of due process. State v. Burke (Apr. 28, 1999), Lorain App. No. 97CA006781, unreported at 4-5, citing State v. Kimble, supra, at 13-14.
Thus, Osborne's first, second and third assignments of error are overruled.
FOURTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THIS PARTICULAR INDIVIDUAL WAS A SEXUAL PREDATOR UNDER THE CRITERIA OF OHIO REV. CODE SEC. 2950.01(B) AND 2950.09(B)(2); AND THE COURT'S FAILURE OR REFUSAL TO MAKE FINDINGS REGARDING ALL CRITERIA LISTED BY STATUTE AMOUNTS TO AN ABUSE OF DISCRETION BY VIRTUE OF ITS ARBITRARY APPLICATION.
R.C. 2950.09(B)(1) provides that at the sexual predator hearing the trial court must provide both the state and the defendant with the opportunity to present evidence related to whether such a classification is appropriate. In making its determination whether the defendant is likely to reoffend, the trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
The court may determine that an individual is a sexual predator only if the evidence presented is clear and convincing that the individual is likely to reoffend. R.C. 2950.09(B)(3). If the evidence produces in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established, then the standard of clear and convincing evidence is satisfied. State v. Rexroad (Apr. 1, 1998), Summit App. No. 18539, unreported at 3. The clear and convincing standard requires more than a preponderance of the evidence, but does not require proof beyond a reasonable doubt. Id.
The record before the trial court was sufficient to meet the standard of clear and convincing evidence that Osborne was likely to reoffend. First, Osborne's sexual abuse of his daughters began in 1980, and for each girl continued over a period of years. The molestation began when each girl was between seven and twelve years old. When Osborne's older daughter reached maturity, he began to sexually molest his younger daughter. We agree with the reasoning of the Tenth District Court of Appeals in its cogent argument that the tender age of the victims may be considered inherently indicative of a strong likelihood to reoffend:
 [There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
(Citations omitted.) State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (affirming a finding of likelihood to reoffend based upon single conviction involving four-year-old victim). Thus we find that the trial court was justified in having a firm belief that Osborne is likely to reoffend, given the fact that his victims were young. In addition, the fact that multiple victims were involved justifies a firm conviction that Osborne is likely to reoffend.
Furthermore, Osborne was forty years old when he began to molest his daughters. These offenses took place over a period of thirteen years. Osborne was well into middle age at the time of his arrest. The trial court was justified in its firm belief that Osborne is likely to reoffend, given the fact that his sexual offenses continued over a long period of years and despite his maturity of years.
Finally, Osborne himself testified at the sexual predator hearing that he might reoffend if he ever lived in the same household with a young child. He stated that for this reason he could not live with or be married to a woman with young children. Osborne seems to believe that this is the only situation in which he would sexually assault another person. However, the evidence before the trial court, including Osborne's own testimony, was sufficient to induce a firm belief that it is likely that Osborne will reoffend if given the opportunity to do so.
Osborne asserts that the trial court abused its discretion in failing to address each of the statutory factors in its decision. We find this argument to be without merit. The trial court was not required to mention each of the statutory factors in its decision, but merely to consider each factor in arriving at its decision. State v. Alexander (Apr. 14, 1999), Summit App. No. 18823, unreported at 5-6, citing State v. Tracy (May 20, 1998), Summit App. No. 18623. These factors need not be weighted or balanced, nor does the determination of sexual predator status demand that a majority of the factors listed weigh against the defendant. State v. Francis (June 16, 1999), Summit App. No. 18791, unreported at 6, citing State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689. The trial court clearly considered the statutory factors and attended to the three factors pertinent to this case, that is, the multiple offenses, the disparity in age between Osborne and his victims, and Osborne's own concern about situations in which he might reoffend.
There can be no doubt that the evidence before the trial court was sufficient to produce a firm belief or conviction of the likelihood that Osborne will commit one or more sexually oriented offenses and that he should be adjudicated a sexual predator. Therefore, Osborne's fourth assignment of error is overruled.
Having overruled appellant's assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
___________________________ WILLIAM R. BAIRD
FOR THE COURT
WHITMORE, J.
BATCHELDER, J.
CONCUR